UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

```
-------------------------------------------------------------------------X
STUART APPELBAUM, JOHNNY WHITAKER,        )
EDDIE ALLEN, JOSEPH DORISMOND,            )
DEAN ANGOTT, and MARCI LANCOUR as Trustees )
and Fiduciaries of the RETAIL, WHOLESALE AND )
DEPARTMENT STORE INTERNATIONAL UNION      )
AND INDUSTRY PENSION FUND and as Trustees  )
and Fiduciaries of the RETAIL, WHOLESALE AND )
DEPARTMENT STORE INTERNATIONAL UNION      ) CASE NO. 1:26-cv-941
AND INDUSTRY HEALTH AND BENEFIT FUND,     )
                                          )
                    Plaintiffs,           )
                                          )
        -against-                         )
                                          )
CARSON MANUFACTURING                      )
COMPANY INC,                              )
                                          )
                    Defendant.            )
-------------------------------------------------------------------------X
```

## COMPLAINT

The Trustees and Fiduciaries ("Trustees") of the Retail, Wholesale and Department Store International Union ("RWDSU") and Industry Pension Fund ("Pension Fund") and the RWDSU Health and Benefit Fund ("Benefit Fund") (collectively the "Trustees," "Plaintiffs" or the "Funds"), by their attorneys, Macey Law, P.C., and Friedman & Anspach, allege as follows:

## INTRODUCTION

1.    In this action, Plaintiffs request that the Court order Defendant Carson Manufacturing Company Inc ("Carson Manufacturing," "the Employer," or "Defendant") to pay delinquent pension and health and benefit fund contributions owed to the Funds from September 1, 2023 through April 30, 2025, in addition to statutory damages, including interest, the greater

1

of additional interest or liquidated damages, and reasonable attorneys' fees and costs with respect to the delinquent contributions.

2.     In bringing this action, the Trustees are enforcing the terms of the Trust Agreements governing the Funds, as well as the terms of the collective bargaining agreements and participation agreements between Defendant and RWDSU Local 512 ("Local 512" or the "Union").  This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreements, and to address violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3.     Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3), 502(e)(1), 502(f) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4.     This Court also has personal jurisdiction over Defendant pursuant to Defendant's maintaining its principal place of business in this District.

5.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant resides or may be found in this District.

## PARTIES

6.     Plaintiffs are the Trustees and Fiduciaries of the RWDSU Pension and Benefit Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Plaintiffs comprise the Board of Trustees of the Funds and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C.  § 1002(16)(B)(iii).

7.    The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with their principal office located at 1901 Tenth Avenue South, Birmingham, within Jefferson County, Alabama.

8.    The Funds were established pursuant to the terms of collective bargaining agreements between the Union, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements.

9.    The Funds are maintained for the purpose of collecting and receiving contributions and providing pension and health benefits to eligible participants and their dependents pursuant to and in accordance with its Agreement and Declaration of Trusts ("Trust Agreements").

10.    Upon information and belief, Defendant is an Indiana corporation located at 5451 North Rural Street Indianapolis, Indiana 46220.

BACKGROUND

11.    Upon information and belief, at all times material hereto, Defendant has been a party to and bound by collective bargaining agreements with the Union covering the period from at least November 3, 2022 through November 3, 2024.  That collective bargaining agreement is automatically renewed for a period of one year unless the Defendant or the Union, on or before sixty (60) calendar days prior to November 3, 2024, or any subsequent anniversary thereof, give written notice by certified or registered mail, return receipt requested, to the other party of its desire to terminate, modify, or amend its terms.  Upon information and belief, neither party provided notice of its desire to terminate, modify or amend the terms of the Agreement sixty (60) calendar days prior to November 3, 2024, or any subsequent anniversary thereafter.

12.    Under the collective bargaining agreements, Defendant bound itself to certain terms and conditions governing the employment of its employees and, in accord with Article IX, Section 1 of the Pension Fund Trust Agreement, and Article IX, Section 1 of the Benefit Fund Trust Agreement obligated itself to make contributions to the Funds on behalf of those employees covered by the collective bargaining and participation agreements.

13.    The Funds rely on Defendant and other employers to make the proper contributions required by collective bargaining and participation agreements in order to provide pension and health benefits to the Funds' participants in accordance with the rules and regulations established by the Trustees of the Funds.

14.    Upon information and belief, at all times relevant to the allegations herein, Defendant was bound by the Trust Agreements.

15.    Defendant failed to make contributions at the rates set forth in the collective bargaining and participation agreements for the period from September 1, 2023 through April 30, 2025.

16.    By letter dated December 2, 2024, the Funds' attorneys advised Defendant of amounts owed, but have not received a response from Defendant.  No explanation has been given to the Funds for Defendant's failure to make payments for their employees in the amount required under the terms of the collective bargaining agreement.  Defendant has not made any further payments, or sent any further remittance reports since it received the December 2, 2024 letter from the Funds.

17.    Defendant remains obligated to pay contributions to the Funds which may become due and owing during the pendency of this action.

18.  The Trust Agreements and ERISA authorize the Trustees to bring actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

19.  The Employer is required to pay the delinquent contributions to Plaintiffs under the collective bargaining agreement, the participation agreements, Article IX of both the Pension Fund Trust Agreement and the Benefit Fund Trust Agreement, and ERISA Section 515, 29 U.S.C. § 1145.

20.  Both Trust Agreements at Article V, Section 15 give the Trustees the authority to apply and interpret the Agreement and to decide all factual and legal matters arising in connection with the operation or administration of the Plan or the Trust, and provides that all determinations made by the Trustees are binding on a signatory employer.

FIRST CAUSE OF ACTION: DELINQUENT CONTRIBUTIONS

21.  Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20 as if the same were fully set forth herein.

22.  For the period of September 1, 2023 through April 30, 2025, Defendant has failed to remit payment of contributions due and owing to the RWDSU Pension and Benefit funds.

23.  Defendant has not paid contributions to the Benefit Fund for the period of September 1, 2023 through April 30, 2025, and it now owes $89,396.95 in contributions to the Benefit Fund.

24.  Defendant has not paid contributions to the Pension Fund for the period of September 1, 2023 through April 1, 2025, and it now owes $1,111.81 in contributions to the Pension Fund.

5

25.    Defendants therefore owe a total of $90,508.76 in delinquent contributions to the RWDSU Pension and Benefit funds.

26.    When the Funds have been obliged to bring a court an action to enforce payment of delinquent contributions, Article IX, Section 9 of both the Pension Fund Trust Agreement and the Benefit Fund Trust Agreement and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), require the employer to pay (1) all delinquent contributions; (2) interest on such delinquent contributions or estimated delinquent contributions calculated at one-and-one-half percent (1-l/2%) per month of each monthly amount due for each month from the date of the underpayment to the date that it is actually paid; (3) an amount equal to the greater of the interest on the delinquent contributions calculated at one-and-one-half per month (1- l/2%) per month, or twenty percent (20%) of the delinquent contributions; (4) all reasonable attorneys' fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate.

27.    In addition to the fees and costs required under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Article IX, Section 9 of both Trust Agreements also requires the employer to pay, in addition to reasonable attorney's fees and costs of the action, "all attorneys' fees, costs of the action, reasonable expenses attributable to any audit of the Employer's payroll, wage, and related business records with respect to Unpaid Contributions or payments, and any other related expenses[.]"

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1.    An Order holding Defendant liable for payment of all delinquent contributions owed to the Benefit Fund pursuant to the collective bargaining agreement, the participation agreements, the Benefit Fund Trust Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§

1132, 1145, including amounts which may become due and owing during the pendency of this action, in the amount of at least $89,399.95 to the Benefit Fund;

2.    An Order holding Defendant liable for payment of all delinquent contributions owed to the Pension pursuant to the collective bargaining agreement, the participation agreements, the Pension Fund Trust Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, including amounts which may become due and owing during the pendency of this action, in the amount of at least $1,111.81 to the Pension Fund;

3.    An Order holding Defendant liable for payment of interest on all delinquent contributions at the rate of interest on such delinquent contributions or estimated delinquent contributions calculated at one and one-half percent (1- l/2%) per month of each monthly amount due for each month from the date of the underpayment to the date that it is actually paid;

4.    An Order holding Defendant liable for payment of the greater of additional interest as calculated above or liquidated damages equal to twenty percent (20%) of delinquent contributions, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

5.    An Order holding Defendant liable for payment of an award of all costs and disbursements; plus reasonable attorneys' fees, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

6.    Such other and further equitable relief as this Court deems appropriate.

Dated: May 8, 2026
        Indianapolis, Indiana

By:    /s/ Jeffrey A. Macey
         Jeffrey A. Macey

         Macey Law, P.C.
         429 N. Pennsylvania St.
         Suite 407
         Indianapolis, IN 46204
         Telephone: (317) 637-2345
         jmacey@maceylaw.com

         /s/ Benjamin Hollander, Esq.
         Benjamin Hollander
         *(Application for pro hac vice*
         *admission forthcoming)*

         FRIEDMAN & ANSPACH
         1500 Broadway, Suite 2300
         New York, New York 10036
         T: (212) 354-4500
         F: (212) 719-9072
         bhollander@friedmananspach.com

         Attorneys for Plaintiffs